The next matter, number 23-1822, Analog Technologies, Inc. at all v. Analog Devices, Inc. At this time, would counsel for Analog Technologies please introduce himself on the record to begin. Good morning, Your Honors. My name is Howard D'Amico. Please come to the podium. Thank you. Good morning, Your Honors. My name is Howard D'Amico, and I am counsel for both plaintiffs, original plaintiffs and appellants here. Good morning. So, may it please the Court, this case, this appeal now, try to focus a little more with regard to what we believe are trade secret rights that have survived the termination of what, in our record, is the second contract between these two parties. So we have the 2000 contract, and then we have the 2015 contract. The 2015 contract, we no longer challenge whether or not it was properly terminated by the communication in 2021. At the lower court, there was a motion to dismiss with regard to trade secret counts, our federal and our state trade secret counts. And the Court, we believe, summarily dismissed those counts, effectively relying solely on what could be categorized as a sunset provision contained in the 2000 agreement. So the lower court said that in the 2000 agreement, there was a provision that said specifically, this contract will terminate five years after a certain date-specific further reference therein. That the reference was 2006, and that the ADI's obligations with regard to confidentiality would end five years after the termination of the contract. Counsel, can I ask you to, if you focus on the 2015 agreement, even if the district court was wrong, I understand your arguments about the district court got it wrong in terms of the relevance of that sunset clause, but even if the district court was wrong in that point, the 2015 agreement had ended by the time of the alleged misappropriation. So can you explain why there would be a misappropriation here when that agreement was over? Sure. So, if I may, Your Honor, so as the 2015 contract came into play, and the reference terms within it, specifically that term that both parties agreed to, that the ADI wanted, the agreement that ATI would continue to maintain, if you will, the secrecy of the intellectual property that ADI was continuing to rely on. Our position is that while the 2000 contract had, if you will, a specific clause that said what ADI's obligations would be with regard to confidentiality at the end of the term of the 2000 agreement, the 2015 agreement didn't have that kind of a term. In fact, our perception, our position would be that it had the opposite type of a term. It said specifically in it, albeit within the context of the contract timing, that to the extent ADI wanted to continue to use the information, they would have to pay a royalty for it, not after necessarily the expiration of the contract, but after the expiration of the patent. It's our position that once the 2015 contract effectively revived or maintained the party's desire to keep that information, the intellectual property trade secret, for ADI's benefit. I understand that. Even though it said it totally superseded the prior contract? I actually find that to our benefit. I don't understand how it can work to your benefit. It said that it superseded the 2000 agreement, but it nonetheless said in 2015 we now independently want a contract term that says we'd like to maintain the intellectual property, the secret trade rights that came from the origination of the 2000 agreement, what was provided to us during that time period. But, counsel, the 2015 agreement was over by the time of the alleged misappropriation. So, again, I just would like you to focus on that time period. Why do you have a misappropriation claim when there's no longer any agreement in force between the parties? Because, Your Honor, ADI continues to use the trade secrets without any further authority to use it. The absence of that kind of a legal obligation for our protection would suggest that three days after any contract was entered into in which intellectual property was transferred, a party could terminate that contract and maintain and use the trade secrets wherever they're at. But isn't normally what the industry does to protect against that is to insert a sunset clause, and you didn't have one in the 2015 agreement? So why once it ends is it inappropriate for them to use information they legally obtained before? Because the provision in the contract says that if they want to continue to use it, they have to continue to pay. They still continue to use it without any further authorization from us. I thought the provision says that if they want to have an exclusive license to use it, then they have to continue to pay. That seems different than if they want to just use it. But the exclusive license goes to the heart of it being trade secrets of ATI. And while the contract rights may have terminated, the rights to protect their own interest in the trade secrets continue. ADI didn't do anything to be able to continue to use those trade secrets. They have no contract right to use them. And so the position to the extent was that once the contract terminated, ADI could use them again from our perception would suggest that any time a contract was entered into and it had a termination clause, a party could immediately terminate and get full use of the trade secrets. I understand that there is no trade secret sunset clause in it, but our position is the absence of that clause. It was in the 2000 agreement. It wasn't in the 2015 agreement, which frankly was drafted by ADI, provides ADI with no use rights that survived the 2015 agreement. We still have the trade secrets. They asked us to protect them. We took the reasonable steps that we think would be provable in a question of fact to protect those secrets. It's our position they have no more right. They're using them without authorization to continue to use them as our trade secrets. Beyond that, Your Honors, I really don't have any further argument. We've narrowed this down to the concept that we believe that, again, the fact that ADI put the paragraph in the 2015 agreement requiring us to maintain the trade secrets gets us past the sunset clause. And the only issue is that whether or not the 2015 agreement, once terminated, gives ADI the blanket right to use the information until the date of the termination, they still would concede on a factual basis or we think we could prove on a factual basis we're still our trade secrets. Unless anyone has any other questions, I have nothing further to say.  Thank you. Thank you, Counsel. At this time, Counsel for Analog Devices, Inc., please introduce yourself. Good morning, Your Honors. Alexander Ott for Apelli Analog Devices. The district court correctly dismissed both trade secret claims because there was no trade secrets and because there was no misappropriation. At the time of the alleged misappropriation, there were no active contracts and no surviving confidentiality obligations, no surviving limits on use. There was no survival clause in the 2015 agreement, and the 2015 agreement had terminated and, in fact, the trade secret allegations are defined in the complaint as starting when the 2015 agreement was terminated. So there's talk of the 2000 agreement that clearly was expired. There was a sunset clause, and then it was superseded and replaced by the 2015 agreement. The 2015 agreement has no confidentiality obligation imposed on Analog Devices, the Apelli. It is not a mutual agreement. It only limits both appellants from disclosing. It does not limit ADI's ability to disclose, and it doesn't matter anyway because the 2015 agreement was terminated and over and had nothing surviving, no limitations on Analog Devices. The arguments from appellants seem to flip the script, sort of implying that there needed to be a duty or a grant of the right to the trade secrets. Really, there needs to be a duty imposed to not use them or to not disclose them in order for there to be a misappropriation. There wasn't, in the briefs there was an argument about trying to get a misappropriation without an active duty or duty for confidentiality or a duty to not use, but both the federal and state statutes require that the duty exists at the time of the alleged misappropriation, which, of course, makes total sense. The fact that there might have been a duty not to disclose or a duty not to use at the time it was conveyed, doesn't matter if that then expires. The whole purpose of an expiration is then you're free to do whatever you like with it. And so their interpretation in the briefs would basically make it impossible for any duties to expire whatsoever. So your position is as soon as the agreement was legally terminated, they could use all the information they had obtained, assuming they were trade secrets during the course of the agreement, they could use all that information commercially and make as much money as they want from it because there was no sunset clause in the 2015 agreement? Well, for one thing, the 2015 agreement didn't limit analog devices at all. Yeah, just putting that aside, but the agreement's done, as you said. There was no survival. The sunset clause was sort of a survival for a set number because it lasted a certain amount of time, but then it had a date certain where it was over. Here it didn't even have a survival clause at all, so it didn't survive at all for any time period. And so they were free to do what they wanted with it, yes. No other questions? That's all I have. Thank you. Thank you, counsel. That concludes argument in this case.